**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Richard B. Brozo,

Plaintiff,

vs.

Oracle Corporation,
a Delaware corporation,

Defendant.

Civil No. 00-751 (RHK/JMM)

**STIPULATION AND PROTECTIVE ORDER**

---

THIS PROTECTIVE ORDER shall apply to all materials produced or testimony by a party that is identified by that party as confidential.

1. The term "confidential material," as used in this Stipulation and Protective Order, shall refer to any document, testimony or other discovery materials, or any portion thereof, which is designated by a party as provided herein, as containing information that is reasonably deemed to be "a trade secret or other confidential information," pursuant to Fed. R. Civ. P. 26 and/or other applicable law, or is reasonably deemed to be protected by the attorney work product doctrine or the attorney-client privilege. "Confidential material" shall also refer to the information contained in such documents, testimony or other discovery materials.

2. Under this Stipulation and Order, there shall be one category of confidential materials: "CONFIDENTIAL." The documents labeled "CONFIDENTIAL" refer to all material deemed by a party to be confidential pursuant to the standards set forth in paragraph 1, above.

DEC 05 2000

3. Confidential materials designated by a party as "CONFIDENTIAL" are afforded partial protection. These materials shall only be used for the purposes of this litigation and may be disclosed only to:

(a) the Court;

(b) the other parties to this Stipulation and Order;

(c) the parties' counsel and counsel's partners, associates, and employees;

(d) other persons retained or employed by the parties' counsel or their clients in connection with the preparation, prosecution, and defense of this action, including experts;

(e) any person (i) who counsel for a party in good faith believes is likely to be a witness at, or who may provide evidence in connection with, a deposition, hearing or trial, and (ii) to whom counsel for a party believes in good faith it is necessary that such materials be shown for the purpose of the prosecution and/or defense of this action; and

(g) any witness while actually testifying at a deposition, hearing or trial, if the disclosing party in good faith deems the disclosure necessary for the purpose of the prosecution and/or defense of this action.

In no event shall any of the confidential materials provided by any party be disclosed to or used by anyone outside this litigation, either during the pendency of this action or after it has been concluded.

4. A designation of materials into the category described in Paragraph 2 above shall be made by affixing or placing the notice "CONFIDENTIAL" on such material. All such notices of such designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. There shall be no such designations with respect to any materials except where the designating party or parties and its/their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in paragraph 1, above.

5. Any party or person giving testimony in these proceedings may designate all or a portion of his or her testimony as "CONFIDENTIAL" under this Protective Order by advising

the court reporter and all counsel at the deposition or proceeding of such fact. The court reporter shall separately transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript of the testimony with the words: "CONFIDENTIAL." Any portion of a deposition transcript not so designated at the time the testimony is given shall nevertheless be treated as "CONFIDENTIAL" for a period of fifteen (15) days after the deposition is concluded so as to permit the party or witness time to designate some or all of his or her testimony as "CONFIDENTIAL." Thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be "CONFIDENTIAL" shall be treated as such under this Protective Order. Such designation may be made by marking the transcript as "CONFIDENTIAL" or by listing the page and inclusive line numbers of the material designated as "CONFIDENTIAL" and by providing such designation to the other parties, their counsel and the court reporter. The court reporter shall thereafter mark the face of each relevant page as confidential and separately transcribe those portions of the testimony so designated. Whenever any document designated as confidential is identified as an exhibit in connection with deposition testimony given in the proceedings, it shall be placed in an envelope separate from the other exhibits, which envelope shall be marked, "CONFIDENTIAL EXHIBITS."

6. Information designated as confidential material pursuant to this Protective Order, shall be treated as required by this Order by all persons to whom such information may be disclosed. In addition, except for counsel representing the parties (including counsel's partners, associates and employees), each person who is authorized by this Order to inspect or have access to materials designated as "CONFIDENTIAL" and who does inspect any such material, shall, before conducting such inspection or having such access, be provided with a copy of this Protective Order, shall execute an undertaking in the form annexed to this Order as Exhibit "A",

and shall therefore be bound by this Order. These executed undertakings shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after the close of discovery.

7. Within 30 days after termination of the case counsel shall withdraw all documents previously filed under seal. If counsel does not so withdraw such documents, they will be removed from the vault, unsealed and made part of the public file.

8. At any time after the production of any material designated as confidential by one party, any other party to this Order may serve a notice of objection to such designation stating the reasons for such objection. Should the parties be unable to resolve the issues raised by the objection within three (3) days of the receipt of such objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as "CONFIDENTIAL."

9. Notwithstanding any provision herein to the contrary, if any party to this Order should conclude in good faith that for the purpose of this action, it needs to disclose any of the information contained in any confidential material, or any information derived from such material to any person not described in Paragraph 3 of this Order, it may request permission from counsel for the designating party to do so for specified information. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made.

10. Should any party to this Order desire to use in Court any confidential material, that party must give reasonable notice to the party designating the material of such intent, so that the status of such documents may be protected by agreement or if necessary, as determined and

directed by the Court. In addition, confidential material which is reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents filed with the Court or the Clerk of Court, shall be placed prior to filing in a sealed envelope marked "CONTAINS CONFIDENTIAL MATERIAL UNDER PROTECTIVE ORDER." The party filing any such confidential material shall specifically bring to the attention of the Clerk of the Court at the time of filing that the material is to be filed in accordance with the Court's rules for filing confidential material.

11. A party, directly or through its counsel of record, may agree in writing or on the record during any deposition or proceeding to declassify any material previously designated as confidential.

12. Any party to this Order may apply to the Court at any time for modification of this Order, for supplemental orders or for further protection.

13. The designation of any document, information or other materials as confidential herein is for the purpose of this Protective Order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this Order.

**AGREED:**

Dated: ______________________ 11/27/2000
Daniel L. Palmquist (#217694)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

ATTORNEYS FOR DEFENDANT

Dated: ______________________ 11-22-00
James H. Kaster (#53946)
Steven Andrew Smith (#260836)

NICHOLS KASTER & ANDERSON
4644 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1919

ATTORNEYS FOR PLAINTIFF

**<u>ORDER</u>**

IT IS SO ORDERED.

BY THE COURT:

Dated: December 5, 2000

______________________
The Honorable John M. Mason
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Richard B. Brozo,

Plaintiff,

vs.

Oracle Corporation,
a Delaware corporation,

Defendant.

Civil No. 00-751 (RHK/JMM)

**AFFIDAVIT OF**

______________________

---

STATE OF )
) ss.
COUNTY OF )

1. My name is ______________________. I live at ______________________

________________________________________.

2. I am aware that a Protective Order has been entered in the action captioned above and a copy of this Order has been given to me.

3. I promise that any documents, information, materials or testimony, which are protected under the Protective Order entered in this case and designated as "CONFIDENTIAL" will be used by me only in connection with the above-captioned matter.

4. I promise that I will not disclose or discuss such protected material with any person other than those individuals permitted by the Order to review such material.

5. I understand that any use of such "CONFIDENTIAL" documents, information, materials or testimony obtained by me or any portions or summaries thereof, in any manner contrary to the provisions of the Order, may subject me to a sanction from this Court for violating this Order.

_______________________________
NAME

Subscribed and sworn to before me
this ____ day of _____________, 200_

________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.