**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Richard B. Brozo,

Plaintiff,

v.

Civil No. 00-751 RHK/JMM
**ORDER**

Oracle Corporation,

Defendant.

---

James H. Kaster and Steven A. Smith, Nichols Kaster & Anderson, Minneapolis, Minnesota, for Plaintiff.

Daniel L. Palmquist and Amy Walsh, Leonard, Street & Deinard, P.A., Minneapolis, Minnesota, for Defendant.

---

A. For the reasons stated on the record, Defendant's Motion to Amend its Answer to Assert a Counterclaim of breach of contract (Doc. No. 35) is **DENIED** as untimely. Defendant is precluded from offering any testimony or argument relating to "advances against compensation" paid to Plaintiff or the so-called "clawback" provision of the contract.

B. Defendant's Motion in Limine to Exclude Character Evidence about Reed Olson (Doc. No. 38) is **GRANTED.**[1]

C. Defendant's Motions in Limine (Doc. No. 37) to exclude

---

[1] On the record, the undersigned denied the motion to exclude evidence of Reed Olson's character. The Court has further considered the evidence that Plaintiff seeks to introduce regarding Reed Olson and has determined that it is not character evidence. Accordingly, relevant evidence regarding the working relationship between Mr. Olson and Plaintiff is admissible.



FILED AUG 31 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(1) testimony or argument at trial regarding Oracle's value, net worth, solvency, or any other matters relating to Oracle's financial condition is **GRANTED**, except for financial aspects of the Fingerhut transaction; and

(2) testimony or argument at trial regarding the compensation paid to, or wealth of, Oracle's President and Chief Operating Officer, Larry Ellison, is **GRANTED**.

D. Defendant's Motion for Pretrial Rulings (Doc. No. 39) that

(1) the Fiscal Year 1999 Oracle Americas Compensation Plan, License Sales Terms and Conditions together with the February 12, 1999 Individualized Compensation Plan comprise the "contract" that the jury will interpret is **GRANTED** and Plaintiff is precluded from arguing that he neither saw nor was presented with any or all of these documents; and

(2) Plaintiff's equitable claims be dismissed because the rights of the parties are governed by a valid contract is **GRANTED**.

E. Plaintiff's Motion in Limine to exclude

(1) all testimony and evidence regarding Plaintiff's salary history with any employer other than Oracle is **GRANTED**; and

(2) all testimony and evidence that Oracle "capped" the commissions earned by other salespersons is **DENIED**.

Dated: August 31, 2001

RICHARD H. KYLE
United States District Judge